**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4866

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARVIS DERMAINE THOMASON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:06-cr-01270-HFF)

Submitted:  March 27, 2008          Decided:  April 1, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina; Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Dermaine Thomason pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2000). He was sentenced to 188 months of imprisonment and a five-year term of supervised release. On appeal, his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but raising for the court's consideration (1) whether Thomason's sentence is reasonable; and (2) whether counsel was ineffective below. Thomason has filed a pro se supplemental brief. The Government declined to file a reply brief. After reviewing the record, we affirm.

Thomason first contends his sentence is unreasonable. Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). When sentencing a defendant, a district court must: (1) properly calculate the guidelines range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 547 U.S. 1156 (2006). A sentence within a correctly calculated advisory guidelines range is presumptively reasonable. United

States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 547 U.S. 1142 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Our review of the record reveals no procedural or substantive error with respect to Thomason's sentence. Thomason's 188-month sentence, which is within the applicable guidelines range and below the statutory maximum, is presumptively reasonable. We therefore conclude that the district court did not abuse its discretion in imposing the sentence.

Thomason also argues that his trial counsel was ineffective because his plea agreement initially included a waiver of his right to appeal. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find that Thomason has failed to establish ineffective assistance of counsel on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We further conclude that the claims raised in Thomason's pro se

supplemental brief are without merit.  We therefore affirm Thomason's conviction and sentence.  This court requires that counsel inform Thomason, in writing, of the right to petition the Supreme Court of the United States for further review.  If Thomason requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thomason.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>